Our first case this morning is State of Illinois ex rel. Edmondson v. Board of Trustees of Illinois Eastern Community Colleges 5-180333 Whenever you're ready Oh yes, I should announce that there's only two of us sitting here today However, Justice Cates is also on the panel with us She was unable to be here this morning So she will be participating in everything via the recordings She did leave us some questions to ask on her behalf Good morning, may it please the Court My name is Mary Claire Bonacorsi and I'm here today on behalf of my client, the Illinois Eastern Community Colleges We're the appellant in this matter before your honors The question we're here to talk about today is a very discreet question And we submit it's a question of first impression before this Court And that question is, can an entity who is expressly defined as the State, defined term, under the Illinois False Claims Act Also be deemed to be a person liable to the State under that same Act? Appellant, Illinois Eastern Community Colleges, respectfully submits that the answer to that question is no And there are essentially three reasons I'd like to go through with you, if I may, to explain our position The first is the clear and plain language of the Act itself It defines who the State is, and I think both appellee and appellant can agree on this That the definition of the State wraps in expressly community colleges such as IECC So IECC falls squarely within the clear definition Second, the case and controversy tenants underlying our judicial system And set forth in the Illinois Constitution, better known as judiciability Which is a word you'll hear I have a hard time pronouncing, having said it since law school Warrants dismissal as well of this lawsuit And then finally I'd like to touch on the public policy considerations and implications And just the practical effect of the position advanced by appellee Turning to the first issue, and that's the language of the Act itself Both sides, as I said, agree that the Act defines the term State to include, and I quote Community college districts, that's not in dispute, that's what IECC is The Act does not provide a basis for relief, the Act provides a basis for relief from any person And that term is not defined under the Act, who knowingly presents or causes to be presented A false or fraudulent claim for payment or approval So again, the question is can IECC be both a State, defined term And a person liable to the State for purposes of the Act Now the Illinois Supreme Court recognized in Illinois State Treasurer versus Illinois Workers' Comp Commission That the best evidence of the legislature's intent is the language used in the statute itself In other words, the text as it is here is clear, it should be given effect without other aids for construction Again, the fact that the Act defines the State to include community colleges But does not include community colleges in the definition of the term person Should end this Court's inquiry right there And again, it's not surprising that the Illinois legislature in enacting the False Claims Act The Illinois False Claims Act did not see a need to define that term person Given the commonly accepted principles summed up years ago by the United States Supreme Court In U.S. versus the Illinois Commerce Commission, you can't sue yourself And that's that term, judiciability And what does that mean? That means that the circuit courts only have, in Illinois, only have original jurisdiction of matters That touch upon the legal relations of parties who have adverse interests And you can't have an adverse interest with yourself And that's the Belleville-Toyota case Six years after that case, the Illinois Supreme Court in the Nathanson versus the village of Hinsdale Case made it clear that statutes are presumed to be constitutional That presumption would of course include an awareness of the requirement that parties to a lawsuit have adverse interests As such, it's of little surprise that the Illinois False Claims Act does not define the term person To include the state of Illinois or community colleges such as IECC Or any of those other entities listed in the definition of state Because if it did, it would render the act itself unconstitutional Now, I'd like to turn to just the practical public policy implications That I think we would see if the appellee's position were to be accepted by this court And if this court were to, in our view, expand the scope of And essentially rewrite the language of the Illinois False Claims Act Again, this is a case of first impression There are a handful of federal courts that have looked at this very issue And that was within the context of the Federal False Claims Act And it looked at the question of whether the United States, the real party in interest Under the Federal False Claims Act can sue an agency of the federal government And the handful of cases that have looked at that issue And again, it's the same issue before this court It's all said no The United States District Court for the District of Columbia in Giuliano Versus the Federal Asset Disposition Association Which I'll refer to, if I may, as FADA Was faced with a lawsuit much like the present In that case, the litigator, an individual like Mr. Edmondson Brought a lawsuit, in that case, under the Federal False Claims Act Against FADA Now, FADA was an entity that was set up and governed by the predecessor of what we now know as the FDIC And that was done years ago at the time of the failed savings and loan situation And the FADA was tasked with managing assets of those failed savings and loans The litigator in that case claimed that FADA paid its employees excessive salaries Defrauded the federal government by paying contractors inflated and improper amounts And in doing so, took money it should not have from federal funds In that case, the District Court, relying on the U.S. Supreme Court's decision In U.S. versus the Illinois, or I'm sorry, the Interstate Commerce Commission Held it appears that the only person who would benefit by forcing such a transfer of millions of dollars From one government account to another would be the quitan relator The court in that case went on to note, and again, like the Illinois False Claims Act That the Federal False Claims Act seeks to limit parasitic lawsuits in a number of ways There's a public disclosure bar, there's an original source bar Not everybody can be a quitan relator Similarly, not everybody can be a quitan defendant And the Illinois legislature was very clear And in the Giuliano case, the District Court said a private individual under the act is not allowed to And I quote, sue selected federal agencies to recover money from the United States For the benefit of the United States and reap a sizable profit in the process Given what we have going on in the state of Illinois today with the budgetary crisis The practical effect of what the appellee is suggesting could be catastrophic This is not a situation where I'm up here saying that Mr. Edmondson Could not, under the Illinois False Claims Act, have sued an individual person Who was responsible, let's assume somebody did commit a fraud upon the state of Illinois And used IECC, the community college, to do that We're not here saying that a lawsuit couldn't have been brought by Mr. Edmondson Under the act against that person What I'm saying is you can't sue IECC for that person's conduct We absolutely agree that fraud, all the things that are raised in Appley's brief It's important to root out fraud, absolutely But IECC should not bear the cost of an individual working there Assuming, and just for purposes of argument, we obviously vigorously deny that any fraud took place But should not bear the consequences financially for that IECC is funded by taxpayer money in the state of Illinois And basically, as your honors know, the Illinois False Claims Act Doesn't just award, it's a contingency fee kind of act It basically has a dollar amount that a relator can recover For each false claim submitted So it's in a sense like a strict liability punitive statute And a relator's counsel is entitled to attorney's fees Here the state of Illinois declined to intervene But a relator would stand to recover if what he's saying is true Potentially millions of dollars That would really harm Illinois taxpayers And so it makes perfect sense that that's why the Illinois legislature In enacting the Illinois False Claims Act did not It was very clear in terms of who the state is And did not define person to include a community college district such as IECC Now, in Appley's brief, Appley points to a separate statute, the Whistleblower Statute Which is a completely separate statute and act from the Illinois False Claims Act And says, well in that act, where an employee raises an issue of impropriety and fraud The whistleblower, the employee, can thereafter sue his or her employer If the employer retaliates against the employee for raising, you know, whistleblowing And in that statute, employer is defined to include a body politic And, you know, that may be the case Again, Mr. Edmondson was working at IECC And he saw some fraud going on and he raised it And, you know, he even filed a key tam action against the individual I'm saying, you know, who perpetrated the fraud And IECC in turn went after him and said, you're fired He would have a cause of action against IECC under the Whistleblower Act However, he doesn't have a cause of action to sue IECC for false claims itself I also want to point out, if I may, that the Illinois False Claims Act has its own whistleblower provision And I think that's really important And that provision does not define employer or person or whoever is liable To include community college districts, body politics So the Illinois legislature knows how to do it when it wants to And did it in the separate whistleblower statute But chose not to do it in the Illinois False Claims Act And I think that, again, just only supports the point that we're making as the appellants here Could you please, quickly, I don't want to interrupt your train of thought too much But articulate what you say is Apple's and Orange's distinction in the Cook County case Sure Again, we're not up here saying that in no instances can IECC be sued We're just saying that IECC cannot be sued under the Illinois False Claims Act Which raises the Chandler case We're not claiming all out immunity in all circumstances Yes, there are instances, and Chandler does stand for the proposition That the federal government, if Mr. Edmondson wanted to wrap himself in the United States flag And sue on behalf of the federal government, which he incidentally did And then dismissed his case when we brought a motion to dismiss And then refiled in St. Clair County, but that's an aside That cause of action, there's no immunity there Because the federal False Claims Act doesn't prohibit him from suing a state That's not the inquiry, it's Apple's and Orange's We're talking here about state versus state There we're talking about federal versus state Did that answer your question? Yes So let me ask a question My biggest concern when I was reading through the briefs Was I believe that somewhere in your brief that you stated That there's, you know, what is the recourse that the state has I mean that Edmondson or on behalf of the state My understanding is that you're suggesting that nothing can be done About the fraud that you suggest may or may not have happened Under this act And I think in your reply brief you brought up some recourse Such as political fallout so that the trustees on the board Could be voted out or things of that nature How does that benefit the taxpayers in the state of Illinois? I mean obviously getting bad acts out But that doesn't fix the problem that they've already done In other words, there's no recourse for the bad acts that they committed To get themselves kicked off But the board should be sued, correct? The members of the board And that's in the statute Individually, for certain, I mean that's a complicated issue It should be not under this act I'm sorry, what is the recourse? The recourse is law enforcement Mr. Edmondson could have sued if there was an individual I mean he worked there a long time And let's just take the facts alleged in his complaint to be true He saw somebody defrauding the state of Illinois Or defrauding the federal government He could have done something about that He could have called the police I mean there are things you can do rather than sit back Watch it happen and then say I'm going to benefit from this And I'm going to take a cut of the fraud that took place I mean that's just a perverse incentive I don't know, I mean you've mentioned that It would not benefit the state of Illinois The taxpayers of the state of Illinois If you were to receive millions of dollars Although arguably those millions of dollars Would be a very small percentage of what he was suing about In other words, lots of millions of dollars Were defrauded, the taxpayers of Illinois Under these bad acts And his compensation for turning them in Is minimal compared to what allegedly was lost In the fraudulent act So you suggest that there's no benefit That he should have no benefit And that it doesn't benefit the state Having the knowledge that somebody is looking over your shoulder When you're in public office isn't a bad benefit Well again, he could have sued an individual Who would not have had the money to pay that back though As opposed to There's not necessarily a perfect solution And the question you're asking In the interim giving Is probably the kind of conversation that took place Within the Illinois legislature I mean, how do we address this issue? But the legislature has spoken They've enacted this act They've defined who can be the state They haven't defined person Where, I mean as Eppley points out In a separate statute A separate just general whistleblower statute Where they want a body politic to be liable They know how to do it And in fact there's a case that Eppley relies upon The Board of Education of the City of Chicago Versus A.C. and S. Inc. The court actually in that case says If the legislature wants to include a body politic It expressly does so If it doesn't, the presumption is It didn't mean to include it So that case also supports the position we're taking Because person within the language of the Illinois False Claims Act Is not a defined term The legislature intended for community colleges Not to be included I'm sure we'll hear a counter argument to that shortly But what about the aspect of the federal government The FCA being If the IFCA is less restrictive than the FCA Then there's money from the federal government That's not available There's an argument in the briefs about that If we don't follow the federal guidelines Then the federal government Doesn't have to give the state of Illinois certain monies Because they're not following the federal guidelines I'm not sure I quite understand the question But if I understand it I want to make sure I'm answering it No, I'm sorry Continue if I think of a better way to put it As far as the federal government is concerned And that's the Chandler case And Mr. Eggenson, the relator did bring Initially a cause of action in federal court Under the Federal False Claims Act We moved to dismiss And while that was before that was decided He voluntarily dismissed the case And refiled just under the State False Claims Act I do acknowledge that the State False Claims Act Looks to the Federal False Claims Act And they're pretty much in sync Which brings me back to the point I was making About what the D.C. District Court ruled in Giuliano Where they hit the issue head on And they looked at the issue of Can you have, you know, for purposes of Interpreting the Federal False Claims Act And whether it would be even constitutional to enable A relator to stand in the shoes of the United States government The federal government and sue a federal agency And in that case it wasn't even a federal agency It was set up by, I mean it was like three steps removed Very similar situation in terms of the alleged fraud To what we have here today Does that answer your question? It's best you can right now Okay, so with that said I do think it's disingenuous to point to As Pelley has to the Bonge case versus Delta College The Bachmann versus Minnesota transitions charter school U.S. versus Penn Again, all of those cases Or I should say not one of those cases Addressed or even involved a state suing a state college All of those cases, again, it was whether They were all in federal court And it was whether under the Federal False Claims Act A state entity could be sued So it's a completely separate issue And that's the apples and oranges point we tried to make in our brief Okay, thank you You'll have some time in a little Yes, thank you Appreciate it Counsel? May it please the court Trial court twice correctly recognized That the defendant in this case Can you say your name for the record? Oh yes, I'm sorry It's David Helms with the firm of German May On behalf of Relator The trial court twice recognized In denying a motion to dismiss And denying a motion to reconsider That the defendant, which is a local government entity Is not immune from liability Under the Illinois False Claims Act Section three of the Illinois False Claims Act The IFCA sets forth the elements for liability In fact, that section, section A Is termed liability And it explains that any person Broadly saying not just person Any person Who makes a false claim Is liable to the state But this isn't a question of immunity Well, it's a question of the exception From a false claims act It effectively is You're either You can be liable under the False Claims Act Or you can't So whether you call it immunity Or whether you call it Inability to be liable You're effectively the same thing You can't sue them under the IFCA Under their interpretation But the act broadly covers any person The Illinois Statute on Statutes Does define person And it explains In the Statute on Statutes It explains the terms like person Are to be liberally construed To further the purposes of the act And then it specifically defines person To include not just natural persons But also bodies, politic, and corporate The defendants in this case Which is actually the board of trustees Of the IECC Which is the entity that you sue That entity is specifically defined In its enabling act As a body, politic, and corporate It's a very simple logical syllogism Any person can be liable under the act  Defines that as including Bodies, politic, and corporate And the enabling act of the defendant Defines it as being A body, politic, and corporate Could be a short opinion And that's just plain statutory construction What they try to do Is they take the term state And conflate it with the term any person So they try to say that the statute Actually says any person But not the state as defined In the preceding section 2 May be liable to the state That's effectively what they're writing Into the statute That the legislature never placed there But the correct interpretation Is that any person Defines the scope of defendants And state defines the scope Of potential victims That was what the legislature Was intending when it created This statutory scheme And that's apparent Not just by looking at plain statutory language But looking to the federal FCA It is The Illinois False Claims Act Is modeled after The federal FCA Illinois courts have repeatedly said That looking to federal case law On terms like this Is instructive And in 2003 the United States Supreme Court Specifically held That the term any person As used in the False Claims Act Includes Bodies, politic, and corporate Which is exactly What the defendant is in this case It is a body, politic, and corporate And in fact Ironically in that case The defendant was Cook County, Illinois If you accept defendants argument Cook County, Illinois Is immune from liability Under the IFCA Because their argument is That no entity that falls within The broad definition of state In the act Which includes municipalities Counties, local forms of government Community college districts None of those entities Can be sued under the IFCA Under their interpretation So that would be Throwing Supreme Court precedent Defining the scope of Potentially liable actors out the window And that's problematic For a couple reasons One, every time When the legislature amends an act It is presumed to understand The existing state of law The Illinois legislature has twice Amended the IFCA Subsequent to the United States Supreme Court decision in Chandler And in neither of those instances Did the court Or did the legislature say Hey, the federal IFCA now includes Municipal liability Such as Cook County The defendant in this case So we need to pare that down Because we don't want that liability So we're going to exclude Because presently any person Is now interpreted under the FCA As including municipalities And the defendant here And similarly our statute on statutes Includes municipal corporations And the defendant in this case But the legislature didn't do that In fact, treatises in the courts Have recognized that every time The Illinois legislature has amended the act It is to broaden the act To ensure that it is equally broad As the federal IFCA And the point that your honor was asking That appellant really didn't answer Is that The Deficit Reduction Act 2005 was enacted In 2005 Which calls for a review That the federal government Reviews each state's BABY Act Including the IFCA And if that BABY Act is found to be more restrictive And less effective than the federal FCA Then the government can shut off Certain types of federal funding So if this court ruled That the IFCA Unlike the federal FCA Provides for Accepts From its scope all municipalities And local government entities Then that would be endangering federal funding To the state of Illinois Which would seem to be a pretty bad idea And contrary to the clear Legislative intent Where it is always expanding the statute But counsel also made a reference To the whistleblower retaliation provision And that is true It's in a different act But it was in the same bill That amended the definition of state When the legislature was amending Parts of the FCA It also amended the whistleblower act To make it clear That local government entities Including the defendant here Specifically are liable For retaliating against whistleblowers And that was the point As to why that provision Was cited Their cases Are really based upon Three different types Of misnomers One, they cite a group of cases From the federal courts that deal with Arms of the state And you'll see in those opinions The federal court is trying to determine Whether an entity is Entitled to sovereign immunity Such that the federal FCA Couldn't apply to them Those are out the window There's no question But that the defendant here Has no sovereign immunity The statute specifically says That it is a local government entity That is a body politic incorporate Who may sue and be sued It has no sovereign immunity The other group of cases they cite Which you've heard Dealing with the FDIC And then its subsequent entity One of the other lawsuits Was also against the United States Patent and Trademark Office Those are the federal agency cases In those cases The claim is that there's no reason To bring the action It's a parasitic lawsuit Because the relator is suing On behalf of the federal government Against a federal agency And you're talking about the same bank account So really what happens there Is that the money comes out of here A portion of it goes to the relator And then it goes in his pocket So there's no actual transition Of funds This is not a case of the snake eating the snake Here Here we have a defendant That has its own bank account It is a local government entity It also earns revenue It collects tuition locally It has other sources of local income Completely separate from the state funding I try to analogize this With my wife And I was talking to her about it And I said It's kind of like The cases that they're citing The federal agency cases It's like when my well-meaning 13-year-old unemployed Fully dependent on me son Gives me a birthday present That's great But that's coming out of my account There's no net change In revenue here In the revenue stream This case is more like my buddy Whose 25-year-old son Still lives at home But has a job And lies to his dad saying I'm going to college Will you give me some book money That's an actionable claim There's separate bank accounts there And that's what's going on here What the defendant here is doing Is taking state funding For a disproportionate amount of fake hours Just to understand this case What's going on is There is a pool of federal Or state education funds That is being doled out to various Education sources The defendant here took a disproportionate sum By misrepresenting The amount of credit hours That it taught to minors And when I say minors I mean with the minecats Those folks So it inflated the amount of safety training That it provided to minors In order to up its percentage Of state funding that it received And again that's only part of the Revenue that this entity operates on It's not like suing The Patent Trademark Office Which is fully dependent upon the U.S. Treasury Not the same analogy They also said to a few state cases That federal cases are considered state acts But the only two acts That you'll see in any of those discussions Are Minnesota and California And that's because those baby acts Expressly exclude Local government entities When in their general statute defining persons That certainly is not the case here And those cases actually Underscore that in this case Liability does lie against A local government entity Because in those cases the legislature Chose to expressly exclude them Here the statute on statute Expressly includes them And the statute is modeled after the federal FCA which expressly Includes them now under established precedent Their whole argument Is really premised upon A perverse reading of the Illinois legislature's decision To amend the definition of state State Was originally just a state of Illinois The legislature Broadened it to expand Who could be a victim It was an effort To recognize that local government Entities also can be the fraud And Frank Boise Who recited his treatise He's the leading authority on false claims Litigation across the United States He very clearly is quoted As saying that the definition of state Within the Illinois FCA was to Expand who could be a victim It was to expand who could be a victim It was not to narrow Who could be a defendant And so effectively The defense here is turning The intent of the definition of state On its head is meant to expand the act not narrow it And the Lyons Township Case is a very important case Didn't hear a lot of talk about it It was a public law case So in that respect It didn't deal squarely with this issue But it does answer the question In Lyons Township A relator brought an action On behalf of a local government entity Against another Local government entity Who was making false claims To a plaintiff local government entity If the defense were right That case never should have existed Because it was not justiciable It was unconstitutional In fact under their definition Because a local government entity Did fall within the definition of state And yet was a defendant under the IFCA And in court In construing the meaning of state And how it interplays The statute there Talked about a state report And whether or not that could be Considered as including the defendant And the court said no Because what you do is you look at state And you say First you determine is this a victim Could this be a victim The village in that case With Lyons Township Was a potential victim Because it fell within the definition of state The Defendant At that point then Lyons Township becomes And replaces the word state Throughout the remainder of the statute And that's the only way to harmonize the statute Because if you don't If you don't interpret it that way Where it says any person must pay to the state The remnant If in fact you always replace state With all that long definition Then every local government entity In the state of Illinois Is entitled to a share of every recovery Under the Illinois False Claims Act Which doesn't make any sense As the court recognized In fact it's got a great paragraph Where it explains State means the unit of government Allegedly being the fraud That once you determine that they're a victim That's what state means through the rest of the statute It goes on to explain That otherwise it would result in Illogical results because the claim Has to be brought on behalf of the state So should we also have brought the claim Against the defendant on behalf of the defendant The state also Has the ability to potentially Dismiss the case to control the litigation That would mean that the defendant Here would also be able to dismiss the case Against itself And that wouldn't fulfill the purposes of the act And that's what Lyons Township recognized In order to harmonize this You look to determine if they Fall within being a state If they do then that entity Becomes the state for purposes of the statute That's the entity that controls the litigation That's the entity that gets the recovery The notion that there's no gain To the state here is also Completely wrong Because we're on the trail of images And the relator only gets a small Percentage of the total amount of work And so the state actually Benefits by the action And these private attorney general actions Can generate funds for the state And the suggestion that the state here Disapproves of this action is absolutely incorrect The reason we dismissed our federal claim Is because after several years of investigation And gathering the various information It showed that the funds being Diverted were state funds, not federal funds And if they're state funds It's an action under the state IFCA We didn't request to dismiss Because of their motion to dismiss We requested to dismiss because the action Belonged to the state court because it dealt with state funds They then opposed the motion They actually said no, we need to stay In federal court and not go to state court But the state then sent a letter Saying so long as The plaintiff is refiling In state court, we consent To the dismissal of the federal action They could have said we don't care When we have a statement and do that It in fact conditioned our dismissal Upon us refiling in state court The other thing Dealing with public policy You know This is This is not One, it would endanger federal funding The document interpretation Would question whether or not The state would obtain funding Under the Deficit Reduction Act of 2005 Two, why on earth Would you protect A local government entity That has chosen to engage in acts of fraud The notion That we could sue individuals Doesn't make any sense Because the money is going to the entity It's not going to the actors Now the actors may have residual benefits Or from it, like in this case The instructors got paid for hours That they didn't actually teach But that is a very limited Form of relief there Because the entity actually gets The majority of the funds That are at issue here And Chandler is a really good case On this point Because the federal The United States Supreme Court Construing Federal Act said Local government entities Are frequently on the receiving end Of all sorts of different Government funding plans Local government entities Are no less And this is the United States Supreme Court language No less able than individuals Or private corporations To manipulate those schemes And take money to which they're not entitled to That's exactly what the allegations are here And this is not A victimless crime This is a situation where This entity, the defendant Inflated its hours So that it got a bigger piece of the pie Of education funding Than other schools Who accurately recorded their hours And so They diminished the pool of available State funds by making those false Representations And in addition to that They also Overstated the amount of safety training Being provided to underground miners In the process These miners have tantrums And we attach them to our petition Where I have a miner who looked at the things I didn't take that class, I didn't take that class And all these things are checked Where the defendant was collecting Dollars from the state treasury From state taxpayer money Putting it in its own bank account As a result of that This is not a victimless crime here And the fact of the matter is That the trial proved very clearly In fact the question during the argument Was just the same as your honors Which is well then what's the remedy here But why would And the notion of immunity I think, I don't think That's an overstatement What you're saying is you can't be sued Under the False Claims Act And they say because it's not justiciable Even though it's very justiciable There are adverse parties here And that it's unconstitutional For some reason Although I fail to see any case Saying it's unconstitutional For a government entity To sue a local government entity For having defrauded it And defrauded taxpayer money That's what it comes down to The trial court correctly ruled That the IFC Or the IECC Is the proper defendant Under the Illinois False Claims Just as it would be a proper defendant Under the Federal FCA If your honors have any questions Thank you very much I'd like just to hit a couple of points Council referenced The statute on statues The term And we point this out in our brief That's used in the statute On statutes is permissive It's the term Person may include body politics It doesn't say Person equates in all instances To body politics And that goes hand in hand With the Board of Education The City of Chicago Versus AC&S Which I mentioned previously In which the court made it clear That unless The statute expressly Includes a body politic It is to be presumed That the body politic Is excluded And so that decision Harmonizes perfectly With the statute on statutes And here the Illinois Legislature in promulgating The Illinois False Claims Act Made the decision It could have But it chose not to And as Council points out We've got the Illinois False Claims Act Which is one statute We've got the whistleblower statute Which is another act They were both passed Within the same bill And the legislature In passing one Took the affirmative step In defining employer To include a body politic But at the same time Did not do that In enacting the Illinois False Claims Act And as Council points out That's been twice amended And they've had Opportunities to do that And the legislature has declined to do that I think I now And my apologies Understand your question previously And I'll call it the baby act review question If I can And that's just to make sure That the baby act The state false claims act Is in sync with the federal act Again What I'm saying is I think that what we're asking Your honors to do Would be perfectly compatible With what federal courts have done In the federal context Where they've been faced with And I mentioned the Juliana case Where they've been faced with The exact question That's before your honors And that's whether Under the federal false claims act The United States government Through a relator Who stands to make potentially millions of dollars That's why these lawsuits are broad Let's face it Can sue an agency of the government Just as an aside And this is maybe a little bit of a nit But Council mentioned That the PTO is solely funded By the federal government And tries to distinguish that from IECC That's just not true Anytime somebody submits a trademark Somebody submits a copyright Somebody writes a patent And submits it Patents can be very expensive So taxpayer money does go into the PTO Much in the same way that taxpayer money Goes into funding Whether it's through local taxes State taxes As well as these community colleges As well as the tuition That's paid by the students Let me ask you a question Just to follow up on that With regard to the Council that stated that The IECC has its own bank account Its own revenue stream Is that the same as in that federal case? It's very similar In the Juliana case Yes The Juliana case That was an entity The similarities are That was an entity that was set up By an entity That had been appointed By the president Here IECC is A district of community colleges It has a board of trustees That are The board members are elected It is governed by a governing body The head of which is actually appointed By the governor of the state of Illinois There are parallels All of these agencies Have to maintain certain I'm not saying it's A federal or state agency Per se It is a district of community colleges Which is the term that is used In defining the state for purposes of The Illinois False Claims Act If I can just briefly Touch on the Lyons case Because I do think the court With all due respect to the first district They got that one wrong They leapfrogged over The jurisdictional question Jumped right into whether or not A report was a state report And with all due respect to them When you read how they got to their decision They did some sort of Logical gymnastics to get there And I think It just underscores That that case Never should have been Under this act Thank you Before we let you guys out I just wanted to comment Because we often find Briefs that we Have negative comments about How poorly written they were I found both of these to be exceptional Thank you for that Makes our job much easier to read something that's good Thank you Thank you I'll show the recording In Lyon We will take this into consideration When we do courts Our next case